[Cite as *In re A.C.*, 2023-Ohio-938.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| IN RE A.C., ET AL. | : | |
| | | No. 111975 |
| Minor Children | : | |
| | | |
| [Appeal by M.B., Mother] | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 23, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. AD20908201, AD20908202, AD20908203, AD20908204, and
AD20908205

***Appearances:***

Michael Gordillo, *for appellant* Mother.

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Joseph C. Young, Assistant Prosecuting
Attorney, *for appellee.*

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Appellant, M.B., the mother of five minor children, appeals the juvenile court's award of permanent custody to the Cuyahoga County Department of Children and Family Services ("CCDCFS or the Agency"). M.B. alleges that the juvenile court's award of permanent custody was against the manifest weight of the

evidence. We find that the juvenile court's judgment to award permanent custody was based on competent, credible evidence in the record. Further we find that the juvenile court did not abuse its discretion in determining that permanent custody was in the children's best interest. Accordingly, we affirm the judgment of the juvenile court.

## I.   Procedural History and Relevant Facts

### A.  Procedural History

{¶ 2}    On September 24, 2020, the Agency filed five complaints alleging that each of M.B.'s five children were neglected and dependent requesting temporary custody of the children. After a hearing held on November 16, 2020, the children were placed in the temporary custody of the Agency and then on December 15, 2020, the children were placed in the temporary custody of their paternal grandfather. The order of temporary custody had been extended twice. On March 16, 2022, the Agency filed motions to modify temporary custody to permanent custody in each of the children's cases.[1]

### B.  Motion for Permanent Custody and Evidence Presented at Hearing

{¶ 3}    On June 13, 2022, the juvenile court held a hearing on the motions for permanent custody. The magistrate issued opinions finding that the children's continued residence in or the return to the home of M.B., mother, and to C.C., father,

---

[1] In this matter, the record of proceedings for each of the five children's individual cases is nearly identical and M.B. does not raise any individual argument as to any single child's case. As such, we will refer to the record and the matter in the singular throughout this opinion unless necessary to do otherwise.

would be contrary to the children's best interest and granted permanent custody of the children to the Agency. M.B. filed objections to the magistrate's decisions and on August 23, 2022, the juvenile court overruled the objections and granted the motions for permanent custody in favor of the Agency.

{¶ 4} At the hearing, the trial court received as exhibits the plea and sentencing entries from M.B.'s criminal case. The entries indicate that M.B. entered guilty pleas to six counts of endangering children in violation of R.C. 2919.22(A), felonies of the third degree, and to the felony offenses of disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(3) and cruelty against a companion animal in violation of R.C. 959.131(C). The offenses to which M.B. pleaded guilty to occurred over a period of time from on or about May 1, 2019, to November 16, 2020. M.B. was sentenced to community-control sanctions which included placement into a sex offender unit for supervision and she was ordered to have no contact with the victims of her offenses, i.e., her children.

{¶ 5} The juvenile court received testimony from the CCDCFS extended services worker who was assigned to the children's family. The worker testified that she was familiar with the family and that there were five children, then aged 5 to 11 years old, who were all in the temporary custody of the Agency. The children were placed with their paternal grandparents, their needs, including counseling, were being met, and they were bonded with their grandparents.

{¶ 6} The extended services worker testified that the children were placed into temporary custody in part due to M.B.'s substance abuse and parenting issues

along with educational and medical neglect of the children and an inability to meet the children's needs. M.B. had a case plan that included referrals for service for M.B. to address substance abuse issues, parenting and household maintenance, and meeting her children's basic needs. The case plan initially had a goal of unification of the family, but that become unworkable after M.B.'s criminal case.

{¶ 7} M.B. completed a nonintensive outpatient program to address substance abuse. Because of the no-contact order in the criminal case, M.B. did not have contact with any of the children since October 2021. The extended services worker further stated the children were bonded with their grandparents and that the children's needs were being met. M.B. also completed a parenting class, but due to her continuing no-contact order, the Agency could not assess whether she benefitted from the parenting services she completed or that she could presently meet the children's basic needs.

{¶ 8} The guardian ad litem testified to the children's living environment. She stated that they received appropriate medical and dental care, including mental health treatment for several of the children. The guardian ad litem submitted a recommendation to the court that permanent custody be granted, basing the recommendation on the children's need for a stable secure placement. Further, the guardian ad litem testified that in light of the parents' criminal convictions and sentences, they would not be able to provide the care necessary for the children. As to the children, the guardian ad litem report submitted to the juvenile court noted

that the children "want to speak about how bad their parents were to them and also indicated fear of removal from their grandparents" home.

### C. Decision Granting Permanent Custody to the Agency

{¶ 9} In awarding permanent custody to the Agency, the juvenile court determined the allegations within the motions for permanent custody were proven by clear and convincing evidence. It further found that each of the children had been in the temporary custody of a public children services agency or private child placing agency for 12 or more months of a consecutive 22-month period and that reasonable efforts were made to prevent the continued removal of the children from her home, or to return the children to the home, and to finalize the permanency plan, to wit: reunification. It further found that custody with M.B. would be contrary to the children's best interest under the factor's listed within R.C. 2151.414(E) because M.B. and C.C. had both committed abuse against the children or caused or allowed the child to suffer neglect and had been convicted of violations of R.C. 2919.22(A), endangering children, felonies of the third degree; a violation of disseminating matter harmful to juveniles, a felony of the fourth degree; and cruelty against a companion animal, a felony of the fourth degree. The juvenile court further determined that "the seriousness, nature, or likelihood of recurrence of the abuse or

neglect makes the child[ren]'s placement with the child[ren]'s parent a threat to the child[ren]'s safety."

{¶ 10} The juvenile court also made the following determination:

> Upon considering the interaction and interrelationship of the child with the child's parents, siblings, relatives, and foster parents; the wishes of the child; the custodial history of the child, including whether the child has been in temporary custody of a public children services agency or private child placing agency under one or more separate orders of disposition for twelve or more months of a consecutive twenty-two month period; the child's need for a legally secure permanent placement and whether that type of placement can be achieved without the grant of permanent custody; and, the report of the Guardian ad Litem, the Court finds by clear and convincing evidence that a grant of permanent custody is in the best interests of the child and the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent. The Court further finds, it is in the best interest of the child to be placed in the permanent custody of the Cuyahoga County Division of Children and Family Services.

The juvenile court explained the reasoning supporting its finding by noting that the focus of the case was the best interest of the children, that R.C. 2151.414(C) provided that "the court shall not consider the effect the granting of permanent custody to the agency would have upon any parent of the child." It stated that there was clear and convincing evidence of multiple, independent legal grounds for the granting of permanent custody and noted the argument of counsel for the grandparents "that the parents' request to extend temporary custody to repair the parent-child relationship is in effect letting the perpetrators of an offense tell this court what should happen to the victims of their crime."

## II.   Law and Argument

### A.  Assignment of Error

{¶ 11} M.B.'s sole assignment of error reads:

The trial court's termination of Appellant's parental rights is against the manifest weight of the evidence.

{¶ 12} M.B. argues that the juvenile court erred in terminating her parental rights pursuant to R.C. 2151.414(E) because of her criminal convictions without finding that she posed an ongoing risk to the children and further if the court did make such finding, that finding was against the manifest weight of the evidence. She argues that she demonstrated sobriety to the juvenile court and completed her case plan.

{¶ 13} The Agency argues that because M.B. and C.C. were found guilty of an offense listed within R.C. 2151.414(E)(6), the statute requires the juvenile court to find that the children could not or should not be placed with their parents and that the juvenile court did not abuse its discretion in finding that permanent custody was in the children's best interest.

### B. Relevant Law and Standards of Review

{¶ 14} R.C. 2151.414(B) provides that permanent custody of a child may be awarded to a children services agency if the court finds, by clear and convincing evidence, that (1) it is in the best interest of the child to grant permanent custody of the child to the agency, and (2) that any of the conditions listed in R.C. 2151.414(B)(1)(a)-(e) apply. "A juvenile court's decision to grant permanent custody

will not be reversed as being against the manifest weight of the evidence [when] the record contains competent, credible evidence by which it could have found that the essential statutory elements for an award of permanent custody have been established." *In re B.P.*, 8th Dist. Cuyahoga Nos. 107732 and 107735, 2019-Ohio-2919, ¶ 22; R.C. 2151.414(B)(1). This court has stated clear and convincing evidence is

> that measure or degree of proof which is more than a mere "preponderance of the evidence" but not to the extent of such certainty required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.

*In re Awkal*, 95 Ohio App.3d 309, 315, 642 N.E.2d 424 (8th Dist.1994), fn. 2, citing *Lansdowne v. Beacon Journal Publishing Co.*, 32 Ohio St.3d 176, 512 N.E.2d 979 (1987).

{¶ 15} R.C. 2151.414(D)(1) provides the factors to consider when determining the best interests of a child, it reads:

> (a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

> (b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

> (c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division

(D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state;

(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

{¶ 16} When determining the best-interest of a child pursuant to R.C. 2151.414(D), "[t]he court must consider all of the elements in R.C. 2151.414(D) as well as other relevant factors. There is not one element that is given greater weight than the others pursuant to the statute." *In re Schaefer*, 111 Ohio St.3d 498, 2006-Ohio-5513, 857 N.E.2d 532, ¶ 56.

{¶ 17} If it is in the best interests of a child that permanent custody be granted, R.C. 2151.414(B)(1)(a)-(e) provides, in pertinent part, conditions upon which the juvenile court may grant permanent custody:

(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:

(a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period if, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state, and the

child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

\* \* \*

(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state.

{¶ 18} Where a child is the victim of a crime committed by a parent or parents, R.C. 2151.414(E)(6) provides that the juvenile court is to consider all relevant evidence as to "whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents." The statute specifically addresses the impact of specific crimes on the trial court's determination and reads in relevant part:

> If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:

> \* \* \*

> (6) The parent has been convicted of or pleaded guilty to an offense under division (A) or (C) of section 2919.22 or under section 2903.16, 2903.21, 2903.34, 2905.01, 2905.02, 2905.03, 2905.04, 2905.05, 2907.07, 2907.08, 2907.09, 2907.12, 2907.23, 2907.25, 2907.31, 2907.32, 2907.321, 2907.322, 2907.323, 2911.01, 2911.02, 2911.11, 2911.12, 2919.12, 2919.24, 2919.25, 2923.12, 2923.13, 2923.161, 2925.02, or 3716.11 of the Revised Code, and the child or a sibling of

the child was a victim of the offense, or the parent has been convicted of or pleaded guilty to an offense under section 2903.04 of the Revised Code, a sibling of the child was the victim of the offense, and the parent who committed the offense poses an ongoing danger to the child or a sibling of the child.

R.C. 2151.414(E).

{¶ 19} An abuse of discretion occurs when a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35. Such an abuse "'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

### C. The Juvenile Court's Grant of Permanent Custody to the Agency Was Based on Credible, Competent Evidence, Was Not Against the Manifest Weight of the Evidence, and Did Not Constitute an Abuse of the Juvenile Court's Discretion

{¶ 20} Pursuant to R.C. 2151.414(B), permanent custody of the children in this matter could be awarded to the Agency if the juvenile court found by clear and convincing evidence 1) that any of the conditions listed in R.C. 2151.414(B)(1)(a)-(e) were present; and 2) that the award of permanent custody is in the best interest of the children. The children were in Agency custody for 15 months within the past 24 months at the time of the filing of the permanent custody. Accordingly, the trial court's finding that the condition listed in R.C. 2151.414(B)(1)(d), that the children were in the temporary custody of the Agency for 12 or more months of a consecutive 22-month period, was met and is not in dispute.

{¶ 21} As to whether the grant of permanent custody was in the best interest of the children, M.B. argues that the juvenile court erred by finding the children could not be returned to her on the basis of her criminal convictions without finding that she posed an ongoing risk to the children. However, the juvenile court made this specific finding, stating in the journal entries in each of the children's cases that "the seriousness, nature, or likelihood of recurrence of the abuse or neglect makes the child[ren]'s placement with the child[ren]'s parent a threat to the child[ren]'s safety." M.B. argues that this finding is an abuse of discretion where the juvenile court received evidence that she completed parenting and substance abuse programming and demonstrated a period of sobriety to the juvenile court. She further notes that within the case plan, the Agency made plans to provide visitation between her and her children, but legally could not allow visitation due to the no-contact order in place in her criminal cases.

{¶ 22} The Agency argues that because M.B. and C.C. were found guilty of an offense listed within R.C. 2151.414(E)(6) the juvenile court was required to find that the children could not or should not be placed with their parents. Further, the Agency noted that the sentence imposed in the criminal case mandated that M.B. have no contact with the victims of her crimes, i.e., her children. The Agency argues that this condition of M.B.'s community-control sanctions support the finding that M.B. presented an ongoing risk to her children. It further argues that permanent custody was in the children's best interest because the children required a permanent placement, there was no reasonable ground to continue temporary

custody, and the remaining factors to be considered by the juvenile court supported the finding.

{¶ 23} In making its determination that permanent custody would be in the best interests of the children in this case, the juvenile court was required pursuant to R.C. 2151.414(D) to consider the children's interaction with their parents, siblings, relatives, the wishes of the children, the custodial history of the child, and the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency, and whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

{¶ 24} As to the interaction and relationship of the children with their parents and extended family pursuant to R.C. 2151.414(D)(1)(a), the juvenile court found that the children were victims of abuse by their parents over a period of time. Further, the children were placed with their paternal grandparents and that placement was suitable where the children's needs were being met. As to consideration of the children's wishes pursuant to R.C. 2151.414(D)(1)(b), the juvenile court found that the children wished to remain in their current placement and did not want to return to the custody of their parents. This finding was supported by the testimony and report of the guardian ad litem as well as testimony from the extended services worker.

{¶ 25} The juvenile court's finding that the children were in temporary custody under R.C. 2151.414(D)(1)(c) is supported by the record and not contested.

The juvenile court's consideration of the children's need for a permanent placement under R.C. 2151.414(D)(1)(d) and that M.B. or C.C. could not provide the placement was supported by the sentence imposed in their criminal cases. Although M.B. argued that the no-contact condition could be changed by the sentencing court, there was no evidence presented that such change was being pursued or that change would be made in a reasonable time. Additionally, pursuant to R.C. 2151.414(E)(6), the record supported the juvenile court's finding that the children's parents pleaded guilty to multiple violations of R.C. 2919.21(A). Because of these convictions, the juvenile court was required to find that the children cannot or should not be placed with either parent within a reasonable time.

{¶ 26} M.B. specifically alleges that the record did not support the determination that she presented an ongoing risk of harm to her children. However, the record reflects that M.B. committed multiple criminal offenses against her children over the course of 18 months. Further M.B. was prohibited from contact with her children as a condition of her criminal sentence for a period of time up to five years. In light of this evidence, we cannot say the juvenile court's determination that "the seriousness, nature, or likelihood of recurrence of the abuse or neglect makes the child[ren]'s placement with the child[ren]'s parent a threat to the child[ren]'s safety" was an abuse of discretion.

{¶ 27} The juvenile court's decision to grant permanent custody was based upon a review of the appropriate statutory considerations and supported by competent, credible evidence. Accordingly, we do not find the judgment is against

the manifest weight of the evidence. *In re B.P.*, 8th Dist. Cuyahoga Nos. 107732 and 107735, 2019-Ohio-2919, at ¶ 22. The record reflects that the juvenile court considered the appropriate factors in determining that permanent custody was in the best interest of the children. Further, the record contains competent, credible evidence that supports the juvenile court's determination.

{¶ 28} The sole assignment of error presented is overruled.

### III. Conclusion

{¶ 29} We find that the juvenile court's judgment to award permanent custody was based on competent, credible evidence in the record. Further, we find that the juvenile court did not abuse its discretion in determining that permanent custody was in the children's best interest. Accordingly, we affirm the judgment of the juvenile court.

{¶ 30} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

MICHAEL JOHN RYAN, J., and
SEAN C. GALLAGHER, J., CONCUR